**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**SOUTH BEND DIVISION**

| | | |
|---|---|---|
| ASHLEY SPARKS,<br>Plaintiff,<br><br>v.<br><br>CHILD AND PARENT SERVICES, INC,<br>d/b/a CAPS,<br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CAUSE NO.: 3:25-CV-493-DRL-JEM |

**OPINION AND ORDER**

This matter is before the Court on Defendant, Child and Parent Services, Inc. d/b/a CAPS' Motion for Independent Medical Examination [DE 24] filed on June 29, 2026. Plaintiff filed a response on July 27, 2026, and on July 31, 2026, Defendant filed a reply.

**I. Background**

On June 4, 2025, Plaintiff filed a complaint bringing claims for Title VII retaliation, retaliation and discrimination under the Americans with Disabilities Act ("ADA"), post-employment retaliation, and intentional interference with contract. Plaintiff alleges that Defendant approved her request for a flexible start time as an accommodation for impairments affecting her immune and autonomic nervous systems, but later reduced her compensation after she began using the accommodation, despite her continued performance of her duties and full-time employment. Plaintiff also seeks damages for ordinary, "garden variety" emotional distress, but disclaims any claim that Defendant caused a psychiatric disorder, permanent psychiatric condition, or other diagnosable mental-health condition. Defendant now moves under Federal Rule of Civil Procedure 35 for an order requiring Plaintiff to undergo a psychiatric examination.

## II. Analysis

Federal Rule of Civil Procedure 35 provides that a court "may order a party whose mental or physical condition . . . is in controversy to submit to a physical or mental examination by a suitably licensed or certified examiner." Fed. R. Civ. P. 35(a)(1). ). Before a court may compel a party to submit to a mental or physical examination under Rule 35, the movant must demonstrate (1) that the party's mental or physical condition is actually in controversy and (2) that there is good cause for the examination. *Schlagenhauf v. Holder*, 379 U.S. 104, 118-19 (1964); Fed. R. Civ. P. 35(a)(2)(A). Defendant seeks a remote oral history and mental and psychological evaluation, with written testing if indicated, by a particular physician. Defendant contends that Plaintiff has placed her medical and psychiatric condition in controversy by alleging disability discrimination and seeking damages for emotional pain and mental anguish. Plaintiff argues that she has not placed her ADA condition at issue since she is not claiming that Defendant did not accommodate her ADA request and her mental condition is not at issue since she is only claiming general "garden variety" emotional distress and that, even if it were at issue, Defendant fails to show good cause for the evaluation.

Defendant's principal argument is that Plaintiff puts her mental condition at issue because she claims mental anguish and emotional pain, alleges disability discrimination, and received limited counseling after the events at issue. Defendant also argues that Plaintiff's history of treatment for anxiety and depression may bear on causation, the nature of her distress, and the extent of her asserted damages. A plaintiff who seeks damages for emotional distress may, depending on the nature and scope of the claim, place his or her psychological condition in controversy. *See Doe v. Oberweis Dairy, LLC*, 456 F.3d 704, 718 (7th Cir. 2006). But not every claim for emotional distress damages automatically satisfies Rule 35. Rule 35 requires an

affirmative showing that the particular condition for which examination is sought is genuinely in controversy and that good cause exists for the particular examination requested. *Schlagenhauf*, 379 U.S. at 118. The relevant inquiry therefore turns on the substance of the claim and the role that the plaintiff's mental condition will play in proving it. Courts analyzing whether a plaintiff has put her mental or physical health in controversy for the purposes of Rule 35 have found that she has if at least one of the following is present:

> (1) a cause of action for intentional or negligent infliction of emotional distress;
> (2) an allegation or a specific mental or psychiatric injury or disorder;
> (3) a claim of unusually severe emotional distress;
> (4) plaintiff's offer of expert testimony to support a claim of emotional distress; or
> (5) a plaintiff's concession that her mental condition is in controversy.

*Balcom v. Univ. of Indianapolis*, No. 1:09-CV-0057-LJM-DML, 2010 WL 2346768, at *3 (S.D. Ind. 2010).

In this case, Plaintiff alleges disability discrimination. Her accommodations were for immunological and autonomic nervous system impairments, not a psychiatric condition. She does not allege that Defendant did not accommodate her condition or that Defendant caused her to develop a psychiatric disorder or other diagnosable mental health condition. Plaintiff expressly limits her claim for emotional distress damages to ordinary, "garden variety" emotional distress and disclaims any claim for a psychiatric diagnosis, permanent psychiatric injury, or other psychological disorder. *See Balcom*, 2010 WL 2346768, at *2 ("A claim for emotional distress damages, without more, is not sufficient to put mental condition "in controversy" within the meaning of Rule 35."). Defendant has not identified any specific psychiatric condition that Plaintiff intends to place before the jury or any psychiatric diagnosis that it must rebut. Plaintiff will not offer expert testimony about psychological injury and asserts that none of her mental anguish or emotional pain was ever intentionally caused by Defendant or is severe. *Compare Brown v. City*

*of Chicago*, No. 19 CV 4082, 2023 WL 3320427, at *3 (N.D. Ill. 2023) (holding that intentional infliction of emotional distress claim did put the plaintiff's mental condition at issue) (citing Taylor v. City of Chicago, 2016 WL 5404603, at *2 (N.D. Ill. 2016)) *with Silberman v. Walsh*, No. 20 C 1745, 2021 WL 2566794, at *1 (N.D. Ill. 2021) (finding that plaintiff claimed specific mental disabilities and not garden variety general emotional distress and therefore her mental state is in controversy).

Demonstrating good cause for an exam requires a movant to make "a greater showing of need than the relevancy already indicated by Rule 26(b) and can be gauged by the ability of the movant to obtain the desired information by other means." *Heath v. Isenegger*, Civil No. 2:10-cv-175, 2011 WL 2610394, at *1 (N.D. Ind. July 1, 2011); *see also Schlagenhauf v. Holder*, 379 U.S. 104, 118 (1964) (holding that the good cause requirement of Rule 35 "require[s] an affirmative showing by the movant that each condition as to which the examination is sought is really and genuinely in controversy and that good cause exists for ordering each particular examination. . . . [and t]he ability of the movant to obtain the desired information by other means is also relevant"); *Nolan v. Int'l Bhd. of Teamsters Health & Welfare & Pension Funds, Loc. 705*, 199 F.R.D. 272, 275 (N.D. Ill. 2001) ("It is clear that courts would be setting bad precedent and overstepping the limitations imposed by Rule 35 if they were to allow psychological examinations in every case where a plaintiff claimed damages for emotional distress or mental anguish of the type that any well balanced individual would experience as the victim of discrimination."). Plaintiff argues that the information sought by Defendant appears to be available by other, less intrusive means than an exam. Plaintiff has produced medical records regarding her physical impairments and represents that she will supplement that production as additional records are received. Although Defendant argues that it learned of Plaintiff's post-termination counseling only after filing the motion and

that it has not yet received those records, Plaintiff has agreed to supplement her production when the records from her limited period of counseling become available. Defendant has not identified a particular psychiatric diagnosis, disputed clinical symptom, prognosis, treatment need, expert opinion, or claimed ongoing mental health impairment that cannot be evaluated through less intrusive discovery. *See Schlagenhauf*, 379 U.S. at 118 (explaining that where the information sought through an examination can be obtained through less intrusive discovery, that availability is highly relevant to whether the movant has demonstrated the heightened need Rule 35 requires). There appears to be no reason Defendant would be unable to review nonprivileged responsive records, depose Plaintiff, and use written discovery to explore the nature, duration, causes, and claimed effects of Plaintiff's emotional distress before seeking the more intrusive procedure authorized by Rule 35. The current record does not establish that the records, Plaintiff's testimony, and written discovery are inadequate to evaluate a restricted claim for garden-variety emotional distress. Defendant has not shown good cause for the medical evaluation.

## III. Conclusion

For the foregoing reasons, the Court **DENIES without prejudice** Defendant, Child and Parent Services, Inc. d/b/a CAPS' Motion for Independent Medical Examination [DE 24].

SO ORDERED this 17th day of September, 2026.

s/ John E. Martin
MAGISTRATE JUDGE JOHN E. MARTIN
UNITED STATES DISTRICT COURT

cc: All counsel of record